IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD HOEFT,

                        Plaintiff,

    v.

JOHN CLARK and ANGELA NELSON,

                        Defendants.

OPINION AND ORDER

09-cv-117-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is the fourth of eight civil cases plaintiff brought in this court against various prisons' employees after his release from state custody in 2009. In this case, plaintiff alleges that defendants John Clark and Angela Nelson were deliberately indifferent to his serious dental needs in violation of the Eighth Amendment and that defendant Clark retaliated against him for filing a petition for habeas corpus. Jurisdiction is present. 28 U.S.C. § 1331.

       Each defendant has filed a separate motion for summary judgment. Dkts. ##16 & 22. This opinion addresses only defendant Clark's motion; all references to "defendant" are to Clark.

       I conclude that no reasonable jury could find the defendant Clark violated plaintiff's Eighth Amendment rights or that defendant retaliated against plaintiff for filing a petition

1

for habeas corpus. Thus, defendant's motion for summary judgment will be granted.

Initially, I note that defendant has filed a motion to strike plaintiff's opposition materials because plaintiff failed to file those materials in a timely manner. This is not the first time that plaintiff has missed a summary judgment deadline in this court. Hoeft v. Sears, No. 09-cv-114-bbc, 2010 WL 785989, at *1 (W.D. Wis. Mar. 4, 2010). As before, id. at *2, plaintiff has filed late documents without requesting an extension or providing an explanation for his tardiness. Plaintiff's opposition materials were due January 21, 2010, but not received by the court until February 1, 2010. According to the envelope received by the court, plaintiff's documents were not placed into the United States Mail until January 30, 2010, nine days after the deadline. (I also note that plaintiff is not in prison and is not entitled to the benefit of the "mailbox rule" that applies to prisoners who cannot control the deposit of their correspondence into the United States Mail.) Without repeating the previous directives to plaintiff regarding enforcement of the court's deadlines, suffice it to say that his failure to comply with the deadlines persuades me to grant defendant's motion to strike plaintiff's opposition materials. E.g., Gross v. Town of Cicero, 528 F.3d 498, 499-500 (7th Cir. 2008) ("Courts cannot operate without setting and enforcing deadlines.").

This may seem a harsh penalty but it is a necessary and proper one. It is true that because plaintiff is proceeding pro se in all his cases pending before the court, he receives some leeway in following procedural rules and requirements. Nonetheless, plaintiff would

2

be wrong to assume that his pro se status entitles him to the right to ignore the court's rules with impunity. He is not free to ignore those requirements, including those regarding filing deadlines. E.g., Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006) (district court did not abuse discretion when it did not consider pro se litigant's proposed facts because of non-compliance with local summary judgment rule because "even pro se litigants must follow rules of civil procedure."); see also Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001) ("We are cognizant of the unique challenges facing pro se litigants . . . . But we must also insist on compliance with procedural rules . . . to promote our interest in the uniform administration of justice.").

As an experienced pro se litigant, plaintiff should have been aware of both the importance of filing documents before the established deadlines and the consequence of failing to do so. E.g., Cady, 467 F.3d at 1061 (no abuse of discretion in ignoring pro litigant's submissions that failed to comply with local rules when litigant could have complied and was "extremely experienced" pro se litigant). Moreover, the absence of both an explanation for his failure to meet the deadline and a request for an extension, as required by the Preliminary Pretrial Conference Order, dkt. #15, at 6, leaves no persuasive reason for denying defendant's motion to strike.

Additionally, I am taking this opportunity to warn plaintiff about the consequences of making false statements in affidavits. Perjury is defined as giving "'false testimony[, while

3

under oath,] concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" United States v. Bermea-Boone, 563 F.3d 621, 627 (7th Cir. 2009) (quoting United States v. Hickok, 77 F.3d 992, 1007 (7th Cir. 1996) (citation omitted)). Committing perjury in an affidavit can expose the affiant to sanctions, including dismissal of a plaintiff's claims. E.g., Ridge Chrysler Jeep, LLC v. DaimlerChrysler Financial Services Americas LLC, 516 F.3d 623, 626-27 (7th Cir. 2008) (plaintiff's claims dismissed as sanction for perjury and other litigation misconduct). Plaintiff provided a sworn statement that he "in fact" mailed the materials on January 20, 2010. Dkt. #44. However, he says nothing about why the envelope in which the materials were mailed was postmarked on January 30, 2010. Dkt. #28, attachment #1 (envelope). It is possible that plaintiff's affidavit is the result of confusion, mistake or faulty memory. Because of that possibility, he will not be sanctioned at this time. In the future, however, he should be more cautious about any averments he makes.

Using defendant's proposed findings of fact (which I will treat as undisputed because plaintiff's summary judgment submissions have been struck), I find the following facts to be material and undisputed.

4

UNDISPUTED FACTS

A. Parties

From June 4, 2008 until September 30, 2008, plaintiff Richard Hoeft was a prisoner at the Flambeau Correctional Center in Hawkins, Wisconsin. Defendant John Clark has been employed as the superintendent of the Flambeau Correctional Center since December 2002. As superintendent, defendant is responsible for the overall administration and operation of the correctional center as well as the security and safety of all staff and inmates there. However, defendant does not supervise the day-to-day operations of individual employees, including Health Services Unit employees and he exercises no control over the dental or medical treatment of inmates or the Health Services Unit's decisions in scheduling inmate appointments or prescribing medication for inmates.

B. Defendant's Clark's Knowledge of Plaintiff's Dental Needs

Defendant Clark relies on the professional opinions of health care professionals to determine the appropriate dental care for inmates, including plaintiff. Defendant had no knowledge of any treatment plans, programs or any dental decisions made with respect to plaintiff and he had no personal involvement with plaintiff's dental care. Plaintiff did not speak with defendant or correspond with him about his dental needs while he was housed at the Flambeau Correctional Center. Defendant did not deny plaintiff dental treatment.

5

OPINION

The undisputed facts show that no reasonable jury could find that defendant violated plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment or that defendant retaliated against plaintiff for filing a writ of habeas corpus or any other lawsuits. The Eighth Amendment prohibits prison employees from showing deliberate indifference to prisoners' serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103 (1976). To defeat defendant's motion for summary judgment on plaintiff's deliberate indifference claim, plaintiff must propose facts from which a reasonable jury could infer that he had a serious medical need and that defendant was deliberately indifferent to that need. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

First, there are no facts to support the conclusion that plaintiff had a serious dental need. Failure to provide evidence of such a need dooms plaintiff's claim. Even assuming that such a serious need existed, it is undisputed that defendant was not aware of any serious need. To show deliberate indifference, a plaintiff must establish that the defendant was "subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed" to his health. Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001). It is undisputed that defendant was never subjectively aware of any of plaintiff's dental needs while he was imprisoned at the Flambeau Correctional Center. This is not surprising considering the fact that defendant did not supervise the day-to-day operations

6

of Health Services Unit staff or have any involvement in the diagnosis of medical needs or the treatment of inmates. Therefore, no reasonable jury could find either that plaintiff suffered from a serious dental need or that defendant was deliberately indifferent to such a need.

Turning to plaintiff's retaliation claim, I note that it, too, lacks evidence to support it. Prison officials may not take adverse action against a prisoner for exercising a constitutional right. Pearson v. Welborn, 471 F.3d 732, 738 (7th Cir. 2006). Plaintiff alleged in his complaint that defendant refused to permit him to be seen by a dentist because he had petitioned for a writ of habeas corpus. However, there is no evidence to support this allegation. No jury could find that defendant refused to permit plaintiff to be seen by a dentist because it is undisputed that defendant was not aware of his need. Accordingly, there is no evidence from which a reasonable jury could find that Clark took any adverse action against plaintiff for having exercised a constitutional right.

ORDER

IT IS ORDERED that

1. Defendant John Clark's motion to strike plaintiff opposition materials, dkt. #36, is GRANTED.

2. Defendant's motion for summary judgment, dkt. #16, is GRANTED.

Entered this 30th day of March, 2010.

        BY THE COURT:

        /s/

        _____
        BARBARA B. CRABB
        District Judge

Case: 3:09-cv-00117-wmc Document #: 48 Filed: 03/30/10 Page 8 of 8