IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD HOEFT,

                Plaintiff,                      OPINION AND ORDER

   v.

                                                   09-cv-117-wmc[1]

JOHN CLARK and ANGELA NELSON,

                Defendants.

---

      Plaintiff Richard Hoeft alleges that defendants John Clark and Angela Nelson were deliberately indifferent to his serious dental needs in violation of the Eighth Amendment's prohibition on cruel and unusual punishment and that defendant Clark retaliated against plaintiff for filing a petition for habeas corpus. Jurisdiction is present. 28 U.S.C. § 1331. The defendants filed separate motions for summary judgment. Dkts. ##16 & 22. Judge Crabb recently granted defendant Clark's summary judgment motion. Dkt. #48. Plaintiff fares no better against defendant Nelson's motion as no reasonable jury could find that she violated Hoeft's Eighth Amendment right to be free from cruel and unusual punishment.

UNDISPUTED FACTS

      The following facts are material and undisputed.

---

[1] This case was reassigned to me pursuant to a March 31, 2010 administrative order.

1

A. Parties

From June 4 until September 30, 2008, Hoeft was a prisoner at the Flambeau Correctional Center in Hawkins, Wisconsin. Defendant Nelson has worked as a registered nurse at the Flambeau Correctional Center since October 2006.[2] Nelson's duties and responsibilities include performing nursing assessments of inmates, managing health treatments pursuant to health care providers' orders and maintaining inmate medical records. As a registered nurse, Nelson is not licensed or authorized to provide dental care or treatment to inmates.

B. Dental Treatment at Flambeau Correctional Center

The Flambeau Correctional Center does not have an onsite dentist. If an inmate believes he needs dental care, he is required to fill out a Dental Service Request form. The form is given to Health Service Unit staff who review the form and respond by scheduling an appointment for the inmate with an off-site dental professional.

While imprisoned at the Flambeau Correctional Center, Hoeft never completed or submitted a Dental Service Request. (The parties dispute whether during defendant's intake

---

[2] Nelson is actually employed as a licensed registered nurse by Country Nurses, Inc., which contracts with the Department of Corrections to provide nursing services to certain Wisconsin correctional institutions.

2

screening of plaintiff on June 4, 2008, he told defendant that he had cavities and a broken tooth and that he needed a root canal and partial dentures.) Hoeft also never filed a complaint requesting dental treatment or indicating that he was denied dental treatment while imprisoned at the correctional center. The parties dispute whether Hoeft spoke with Nelson at any time about seeing a dentist, so for purposes of this motion we assume Hoeft spoke with Nelson several times, including at his intake screening, and that Nelson did nothing more than tell him to fill out a dental service request.

Despite repeated visits to medical personnel for various physical ailments during his four month stay at the Flambeau Correctional Center, Hoeft never once complained of a dental problem, large or small. For example, on June 11, 2008, Nelson saw Hoeft in the Health Services Unit in response to his complaints about a cough. A week later, on June 18th, Hoeft was seen by Dr. Springs to follow up on his complaints about carpal tunnel syndrome and his cough. Nelson again saw Hoeft on June 25th regarding his complaints of carpal tunnel syndrome. A little over a month after that, Hoeft was again seen by Dr. Springs regarding his carpal tunnel syndrome. During each of these exams ovr the course of the summer of 2008, Hoeft did not complain of dental pain or request to be seen by a dentist.

This same pattern continued through out the month of September. On September 18, 2008, Nelson saw Hoeft in response to his dyslipidemia. A day later on September 19th,

3

Nelson examined Hoeft regarding his complaints of athlete's foot. Five days later, on September 24th, shortly before his transfer out of the Flambeau Correctional Center, plaintiff was examined by Dr. Springs. Again, at no time during any of these examinations did Hoeft complain of dental pain or request to be seen by a dentist.

OPINION

Under Fed. R. Civ. P. 56, summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the court must view all facts and draw all inferences from those facts in the light most favorable to the non-moving party. *Schuster v. Lucent Tech., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). Nonetheless, the party that bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, through the proposal of specific facts, that there is a genuine issue of material fact that requires a trial. *Hunter v. Amin*, 583 F.3d 486, 489 (7th Cir. 2009) (internal quotation omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The applicable substantive law will dictate which facts are material. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). Further, a factual dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Roger Whitmore's Auto. Serv., Inc. v. Lake County, Ill.*, 424

F.3d 659, 667 (7th Cir. 2005). The court's function in a summary judgment motion is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Here, no reasonable trier of fact could find that Hoeft suffered a punishment at the hands of Nelson.

The Court of Appeals for the Seventh Circuit has explained that "deliberate noncompliance with a valid rule does not convert the consequences that flow automatically from that noncompliance into punishment." *Rodriguez v. Briley*, 403 F.3d 952, 952-53 (7th Cir. 2005). In other words, an inmate cannot "be permitted to engineer an Eighth Amendment violation." *Id.* at 953. Therefore, when an inmate fails to comply with a valid rule and as a result suffers some harm, he punishes himself and his Eighth Amendment rights are not violated. *Id.*

Hoeft concedes that the Flambeau Correctional Center does not have an onsite dentist and that none of the Health Services Unit staff, including defendant Nelson, are trained or authorized to provide dental care or treatment to inmates. Hoeft also concedes being told that if he needed dental care, he was required to fill out a Dental Service Request form and the Health Service Unit staff will review the request and take appropriate action, including scheduling appointments with off-site dentists. Hoeft does not challenge the validity of the correctional center's rule, although he does allege that verbal dental requests

5

are permitted.

Even accepting Hoeft's proposed fact that he told defendant Nelson about his dental needs when she examined him on June 4, 2008, and that he mentioned wanting to see a dentist a couple more times during his incarceration at the Flambeau Correctional Center, all Hoeft needed to do was file a Dental Service Request form to be scheduled to be seen by a dentist—a rule of which he concedes being informed by defendant Nelson and that could in any event be found in the institution's handbook. Instead, Hoeft punished himself by failing to comply with the rule.[3]

At some point the harm an inmate suffers in failing to comply with a valid rule might reach a level where prison officials must intervene, such as a refusal to eat for so long that the inmate is placed near death. *Rodriguez*, 403 F.3d at 953. Hoeft's alleged circumstances (cavities, broken tooth and need for a root canal and partials) do not, however, approach such a level. While Hoeft claims to have suffered "a lot" of pain while incarcerated at the correctional center, it is undisputed that on seven different occasions he was seen by Health Services Unit staff, including defendant Nelson, during his relatively short stay at the Flambeau Correctional Center and that on none of those occasions did he complain of tooth

---

[3] Hoeft avers that there was "no paper" to file a Dental Service Request, but neither claims that he told defendant Nelson or any other institutional staff that he needed paper to file a Dental Service Request, nor that he was denied such paper.

6

pain or request to see a dentist. Further, it is undisputed that Hoeft never filed an institutional complaint requesting dental treatment, much less challenging the denial of his right to see a dentist while housed at the correctional center. Thus, no reasonable jury could find that the harm caused by Hoeft's failure to comply with a valid rule required defendant Nelson to intervene.

Indeed, the lack of contemporary, corroborating evidence of Hoeft's claimed dental needs, and complete lack of corroborating evidence of the seriousness of those needs leaves the record devoid of evidence sufficient for a jury to find that defendant Nelson's actions -- in requiring that Hoeft file a formal written request for dental treatment -- "could result in further significant injury or the unnecessary and wanton infliction of pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (internal quotation omitted).

Finally, even assuming that defendant Nelson should have scheduled Hoeft to see a dentist at the initial screening based on his statements about his dental needs, no reasonable jury could find that this single failure amounts to deliberate indifference. Inadvertent error, negligence, malpractice or even gross negligence is insufficient to establish deliberate indifference. *Washington v. LaPorte County Sheriff's Dept.*, 306 F.3d 515, 518 (7th Cir. 2002).

Assuming for purposes of summary judgment that Hoeft had a serious dental need while at F.C.C. -- a tenuous assumption considering he repeatedly failed to ask for assistance at the time, he has submitted no dental diagnosis regarding his dental needs as of June 4,

7

2008, and fails to provide specific facts about the severity of his broken tooth -- Nelson at most may have acted negligently in not scheduling Hoeft to see a dentist at the intake screening. There is simply no evidence from which a jury could find that Hoeft needed *emergency* dental care. Thus, once the screening was done, no jury could find it unreasonable for Nelson to tell Hoeft to comply with the institution's valid rule and file a Dental Service Request form. This Hoeft himself declined to do and, accordingly, defendant Nelson's motion for summary judgment will be granted.

## ORDER

IT IS ORDERED that:

(1) Defendant Angela Nelson's motion for summary judgment, dkt. #22, is GRANTED.

(2) The clerk of court is directed to enter judgment in favor of defendants John Clark and Angela Nelson and close the case.

Entered this 28th day of April, 2010.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge